UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SYENSQO SPECIALTY POLYMERS USA, LLC,

                                Plaintiff,

              -against-

ARKEMA, INC.,

                               Defendant.

-----------------------------------------------------------------X

26-CV-00079 (VSB) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On March 20, 2026, Defendant requested a stay of discovery pending a decision on its motion to dismiss. ECF No. 30. Plaintiff opposes a stay. Id. The Court held a conference to discuss the dispute on April 29, 2026.

Pursuant to Federal Rule of Civil Procedure 26(c), a district court may stay discovery for "good cause." Fed. R. Civ. P. 26(c). "If a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." Alapaha View Ltd. v. Prodigy Network, LLC, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021).

Defendant has shown good cause for a stay. First, Defendant's motion to dismiss, filed on February 27, 2026, raises substantial grounds for dismissal of the entire case. See ECF No. 18. Second, Plaintiff seeks expansive discovery in this case, beyond that which Defendant would have already collected in other related civil cases. Third, the case, which was filed on January 6,

2026 (ECF No. 1), is still in its infancy, and the motion to dismiss was filed shortly after the complaint was filed. Given that the motion is already on the Court's docket, any stay pending resolution of the motion will likely be brief.

Finally, Plaintiff has not shown that it will be unfairly prejudiced from a brief delay in discovery to resolve a potentially dispositive motion. At the conference, Plaintiff pointed to the continued accrual of remediation costs as the prejudice it would suffer from a stay. But such costs can be remedied by monetary damages and thus do not suffice to constitute unfair prejudice. See, e.g., Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc., No. 16-CV-4236 (AJN), 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016) (granting stay of discovery pending motion to dismiss where plaintiff could not establish prejudice because, "monetary damages will be sufficient to compensate [plaintiff] for any infringement") (internal quotation marks and citation omitted); Goldstein v. City Univ. of New York, No. 25-CV-0475 (JAV), 2025 WL 3471131, at *2 (S.D.N.Y. Dec. 3, 2025) (granting stay of discovery pending decision on motion to dismiss where plaintiff could not establish prejudice because remedies sought "primarily concern the award of monetary damages").

For these reasons, discovery in this case is stayed pending a decision on Defendant's motion to dismiss. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 30.

**SO ORDERED.**

DATED:    New York, New York
            April 30, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2